# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2007

No. 07-50379
Summary Calendar

Charles R. Fulbruge III
Clerk

MICHAEL G. BARNES

Plaintiff-Appellant

V.

GREATER WACO CHAMBER OF COMMERCE

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CV-177

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case involves an alleged breach of an employment contract. The district court entered summary judgment in favor of the defendant on the ground that there was no breach and that even if a breach occurred, the plaintiff could not establish any damages. For the following reasons, we affirm.

## I. BACKGROUND FACTS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On October 15, 2001, Michael G. Barnes ("Barnes") entered into a three-year employment contract with Greater Waco Camber of Commerce (the "Chamber"). Per the contract, "this Agreement shall be automatically renewed for successive one (1) year terms thereafter unless either party notifies the other party in writing that it chooses not to renew the Agreement. Such notification shall take place 45 days before the completion of each year of the term hereof." The contract also contained a liquidated damages clause, which entitled Barnes to one year's salary if the Chamber terminated his employment without cause and prior to the expiration of the three-year term.

The contract did not specify to whom Barnes was to report while working at the Chamber. At some point, the parties verbally agreed that Barnes would report to the Executive Committee, which according to Barnes, was a condition for accepting employment. According to the Chamber, however, Barnes initially agreed to report to the President of the Chamber and only later agreed to report to the Executive Committee.

On October 27, 2003, Barnes was informed that he would no longer report to the Executive Committee, but would instead report to the new President and CEO. Barnes argues that this change was a material breach of his employment contract and constituted a constructive discharge. Nonetheless, he continued to work at the Chamber. In August 2004, the Chamber gave Barnes the requisite 45-day notice that it would not be renewing his employment contract. On October 15, 2004, the last day of his three-year term, Barnes resigned. Three days later, he began working for the Clermont County Chamber of Commerce.

Barnes filed suit in federal court raising a breach of contract claim as well as other claims not relevant to this appeal. The district court granted summary judgment in favor of the Chamber. The district court first reasoned that the change in Barnes's reporting structure did not breach his employment contract because the contract itself was silent on the issue of reporting. The district court

further reasoned that any parol evidence of an alleged verbal agreement regarding a reporting structure was irrelevant and contrary to the express terms of the employment contract. Finally, the district court held that Barnes could not establish any damages resulting from the alleged breach because he worked until the end of his term and immediately found employment at a higher salary. Barnes filed this timely notice of appeal.

## II. STANDARD OF REVIEW

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. Wyatt v. Hunt Plywood Co., 297 F.3d 405, 408 (5th Cir. 2002). A party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, this court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. See Hockman v. Westward Commc'ns, L.L.C., 407 F.3d 317, 325 (5th Cir. 2004). In reviewing the evidence, this court therefore "refrain[s] from making credibility determinations or weighing the evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).

## III. ANALYSIS

Under Texas law, the elements for a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. Dorsett v. Cross, 106 S.W.3d 213, 217 (Tex. Ct. App 2003); see also Bridgmon v. Array Sys. Corp., 325 F.3d 572, 577 (5th Cir. 2003). We only address the third element.

Per the contract, Barnes is only entitled to liquidated damages -- the only damages he seeks -- if the Chamber terminated his employment without cause

and prior to the expiration of his three-year term. The Chamber did not do so. Instead, the Chamber notified Barnes that it would not be renewing his contract beyond the three-year term. In doing so, it complied with the requisite 45-day notice requirement under the contract. Hence, no breach occurred.

Barnes argues that the Chamber did terminate his employment, constructively, by changing his reporting structure, which according to him, constituted a material breach of his employment contract. According to him, his constructive discharge occurred on October 23, 2003. We are puzzled by this argument given that Barnes worked until October 15, 2004. "Constructive discharge" has been defined as "[a] termination of employment brought about by making the employee's working conditions so intolerable that the employee feels compelled to leave." Black's Law Dictionary, 475 (7th ed. 1999) (emphasis added). According to the Supreme Court, "[u]nder the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." Pa. State Police v. Suders, 542 U.S. 129, 141 (2004) (emphasis added); accord Baylor Univ. v. Coley, 221 S.W.3d 599, 604-05 (Tex. 2007). We believe it axiomatic that for there to be a constructive discharge, some type of termination of employment or resignation is required. Thus, Barnes cannot claim he was constructively discharged on October 23, 2004 when he continued to work at the Chamber for almost a year thereafter. Even assuming Barnes can somehow trace his resignation on the final day of his three-year term to the change in his reporting structure a year prior, under Texas law, a material change to one's employment alone cannot constitute a constructive discharge. See Baylor, 221 S.W.3d at 604-05. In short, having found that the Chamber did not terminate Barnes's contract, constructively or otherwise, we agree with the district court that no breach occurred and that Barnes's is not entitled to any damages.

IV. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.